UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KELLY BEAUDIN STAPLETON, solely in her
capacity as trustee of the SGK Ventures, LLC
Liquidating Trust,

                 Plaintiff,

   v.

PAVILION BUILDING INSTALLATION SYSTEMS, LTD.,
ZEHN BURHAN UZMAN, LI ZHI CAO,
BARRETT CRANE DESIGN & ENGINEERING,
DOUGLAS BARRETT,

                 Defendants.
_____

**DECISION
and
ORDER**

**09-CV-934S(F)**

APPEARANCES:         SAUL EWING LLP
                            Attorneys for Plaintiff
                            CHARLES KELLY, of Counsel
                            One PPG Place, Suite 3010
                            Pittsburgh, Pennsylvania  15222

                            GOLDBERG SEGALLA LLP
                            Attorneys for Plaintiff
                            SHARON ANGELINO, of Counsel
                            665 Main Street, Suite 400
                            Buffalo, New York  14203

                            WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
                            Attorneys for Defendant Uzman
                            BENJAMIN F. NEIDL, of Counsel
                            677 Broadway, 9th Floor
                            Albany, New York  12207

                            SUGARMAN LAW FIRM LLP
                            Attorneys for Defendants Barrett Crane and Douglas Barrett
                            BRIAN F. SUTTER, of Counsel
                            1600 Rand Building
                            14 Lafayette Square
                            Buffalo, New York  14203

Before the court is Plaintiff's Motion For Expert Discovery filed April 8, 2016 (Dkt. 198) ("Plaintiff's motion").  Defendants filed their opposition on April 27, 2016 (Dkt. 200, Defendants Barrett Crane Design & Engineering and Douglas Barrett; Dkt. 201, Defendant Zehn Burhan Uzman).  Plaintiff's reply was filed May 4, 2016 (Dkt. 203). Oral argument was conducted on May 18, 2016 (Dkt. 205).

The case involves claims for breach of contract and professional negligence in connection with the design and construction of a fabric covered steel structure which failed shortly after delivery.  As relevant to Plaintiff's motion, in its Decision and Order filed December 18, 2015 (Dkt. 185), the court denied Plaintiff's motion (Dkt. 178) to modify the Scheduling Order (Dkt. 175) filed May 12, 2015 which, *inter alia*, required expert disclosures pursuant to Fed.R.Civ.P. 26(a)(2)(B) be served by June 12, 2015 (Plaintiff) and July 17, 2015 (Defendants) with dispositive motions to be filed by September 18, 2015 (Dkt. 175 ¶¶ 1, 2).  Thereafter, neither side attempted to depose the other side's experts; however, in accordance with the Scheduling Order, Defendants filed their respective summary judgment motions on September 18, 2015.  Plaintiff responded by filing Plaintiff's motion to modify the Scheduling Order to stay summary judgment and allow for Plaintiff's depositions of Defendants' experts.  Finding Plaintiff failed to demonstrate good cause under Fed.R.Civ.P. 16(b)(4) or excusable neglect under Fed.R.Civ.P. 6(b)(1)(B), that Plaintiff failed to demonstrate it had not had a fair opportunity to conduct expert depositions prior to the filing of Defendants' summary judgment  motions, and that permitting Plaintiff to depose Defendants' experts after Defendants' summary judgments motions were filed would create unfair prejudice to Defendants, Plaintiff's motion was denied in the D&O.  Plaintiff's appeal was denied by

Judge Skretny on February 5, 2016 (Dkt. 191).  Although Plaintiff's motion is somewhat ambiguous regarding its actual request – whether a motion to disqualify and preclude Defendants' experts under Fed.R.Evid. 702, or to permit a deposition of Defendants' expert before the District Judge's ruling on Defendants' summary judgment – Plaintiff's reply clarifies that Plaintiff's motion seeks "(1) . . . expert discovery [*i.e.*, a deposition] to support a full motion to exclude the defense expert; or, in the alternative, (2) denial of Defendants' motions for summary judgment , and scheduling of this matter for trial with sufficient time to prevent expert discovery and disqualification motions prior to trial." Dkt. 203 at 3-4.  As the Defendants' summary judgment motions are pending before the District Judge and the undersigned's referral authority is limited to non-dispositive matters, Dkt. 169, the court considers only Plaintiff's first request.

      Upon a careful review of Plaintiff's arguments with respect to Plaintiff's request for an immediate deposition of Defendants' experts, the court finds itself constrained to agree with Defendants that stripped to its essence, this branch of Plaintiff's motion boils down to a repetition of Plaintiff's argument for such depositions prior to the Scheduling Order cut-off for summary  judgment in September 2015, and as such is an out-of-time request for reconsideration of the D&O in violation of Local R.Civ.P. 7(d)(3) (reconsideration motion to be filed within 28 days).  Simply put, Plaintiff missed the opportunity for such discovery as provided in the Scheduling Order (which was formulated with the input of the parties) and could not meet the requirements for Plaintiff's belated attempt to enlarge such period after Defendants' summary judgment motions were filed.  The court again declines to throw Plaintiff a rescue line at this time.

As to Plaintiff's alternative request to deny Defendants' summary judgment motions and schedule trial so that Plaintiff may conduct an expert deposition and file a motion to disqualify or preclude Defendants' expert's testimony, absent a consent to proceed before the undersigned pursuant to 28 U.S.C. § 636(c), such a request must be directed to the District Judge.[1]

## CONCLUSION

Based on the foregoing, Plaintiff's motion, Dkt. 198, is DENIED in part, and DISMISSED in part without prejudice to renewing before Senior District Judge Skretny Plaintiff alternative request that Defendants' summary judgment motions be denied. SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: July 12, 2016
Buffalo, New York

---

[1] Although Defendant Uzman stated Plaintiff's motion violated 28 U.S.C. § 1927, neither Defendant has requested sanctions pursuant to that statute.